# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br>                                          Plaintiff, <br> vs. <br> BALDEMAR HERNANDEZ-ALVAREZ, <br><br>                                          Defendant. | CASE NO. 13CR1205/16CV1695-LAB <br><br> **ORDER DENYING MOTION TO VACATE SENTENCE** |

Baldemar Hernandez-Alvarez pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326, and was to sentenced to 119 months in July 2013. His sentence was enhanced because he had previously been convicted of a "drug trafficking offense." *See* United States Sentencing Guidelines, § 2L1.2, n.1(B)(iv) (defining the term). Hernandez appealed his sentence, but the Ninth Circuit Court of Appeals affirmed it and the United States Supreme Court denied his petition for further review.

Hernandez has now filed a motion under 28 U.S.C. § 2255, contending that the Supreme Court's recent ruling in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) requires that his sentence be vacated. In *Johnson*, the Court held that part of the Armed Career Criminal Act, 18 U.S.C. § 924(e) – in particular, language in the so-called "residual clause" that authorizes a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another" – was unconstitutionally vague and couldn't be relied on to enhance a sentence.

But the holding in *Johnson* doesn't implicate the definition of "drug trafficking offense" used by the Sentencing Guidelines, which does not include the residual clause language. A federal sentence may be enhanced based on prior drug conviction when the elements of the prior conviction match the generic definition of a "drug trafficking offense" under federal law. *Taylor v. United States*, 495 U.S. 575, 602 (1990).

Before he was sentenced in this case, Hernandez was convicted of selling cocaine in violation of California Health & Safety Code § 11352(a), PSR[1] at 8, and of possessing cocaine for sale in violation of California Health & Safety Code § 11351, PSR at 11. Both of his prior offenses match the generic federal definition for a "drug trafficking offense." *See United States v. Huitron-Rocha*, 771 F.3d 1183, 1184 (9th Cir. 2014) (holding that modified categorical approach applies to §§ 11351 and 11352(a) offenses); *United States v. Leal-Vega*, 680 F.3d 1160, 1169 (9th Cir. 2012) (holding that § 11351 violation qualified as drug trafficking offense under modified categorical approach, where the drug at issue was a Schedule I drug under the Controlled Substances Act).

*Johnson* is inapposite to Hernandez's case – the Court didn't rely on any version of any "residual clause" in imposing his sentence. His motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 26, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] "PSR refers to the Presentence Report filed in Hernandez's case on June 6, 2013.